1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL M.,

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

CASE NO. C19-221 BHS

ORDER ADOPTING IN PART
AND DECLINING TO ADOPT IN
PART REPORT AND
RECOMMENDATION,
REVERSING COMMISSIONER'S
DECISION DENYING BENEFITS,
AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS

This matter comes before the Court on the Report and Recommendation ("R&R")
of the Honorable Mary Alice Theiler, United States Magistrate Judge, Dkt. 22, and
Plaintiff Darrel M.'s ("Plaintiff") objections to the R&R, Dkt. 23.

On November 14, 2019, Judge Theiler issued the R&R recommending that the
Court affirm the Administrative Law Judge's decision denying Plaintiff's application for
benefits.  Dkt. 22.  On November 23, 2019, Plaintiff filed objections.  Dkt. 23.  On
December 24, 2019, Defendant ("Commissioner ") responded.  Dkt. 24.

The district judge must determine de novo any part of the magistrate judge's
disposition that has been properly objected to. The district judge may accept, reject, or

1   modify the recommended disposition; receive further evidence; or return the matter to the

2   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

3         In this case, Plaintiff asserts four errors in the R&R.  First, Moon argues that it

4   was an error to conclude that the ALJ's failure to consider a treating doctor's note stating

5   that Plaintiff's "[p]sychiatric issues [were] severe and debilitating" was harmless.  Dkt.

6   23 at 2–3.  The Court agrees with Moon.  When an ALJ fails to address a treating

7   doctor's opinion, "a reviewing court cannot consider [such] error harmless unless it can

8   confidently conclude that no reasonable ALJ, when fully crediting the testimony, could

9   have reached a different disability determination."  *Stout v. Comm'r, Soc. Sec. Admin.*,

10  454 F.3d 1050, 1056 (9th Cir. 2006).  For example, in *Marsh v. Colvin*, 792 F.3d 1170,

11  (9th Cir. 2015), the Ninth Circuit addressed a similar issue as follows:

12        Here, the district court gave persuasive reasons to determine
      harmlessness. But the decision on disability rests with the ALJ and the
13    Commissioner of the Social Security Administration in the first instance,
      not with a district court. *See* 20 C.F.R. § 404.1527(d)(1)-(3). In the
14    circumstances of this case, where the ALJ did not even mention [treating]
      Dr. Betat's opinion that Marsh's chronic bursitis rendered her 'pretty much
15    nonfunctional,' we cannot 'confidently conclude' that the error was
      harmless. *See Stout*, 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.*, 478
16    F.3d 742, 750 (6th Cir. 2007).  We think it is most appropriate to vacate the
      district court's opinion, remand with instructions to the district court to
17    remand to the ALJ, and specifically to invite the ALJ to comment on Dr.
      Betat's medical opinions and records.

18
   *Id.* at 1173.
19
          In this case, the ALJ relied heavily on opinion testimony that predated the note in
20
   question.  For example, in the "mental opinions" portion of the ALJ's decision, the ALJ
21
   gave significant weight to a March 2013 opinion and an October 2013 opinion.  AR 528.
22

1    The ALJ then gave partial weight to a 2014 opinion.  AR 528–29.  Finally, the ALJ gave

2    little weight to two 2012 opinions, a 2013 opinion, two 2014 opinions, a 2015 opinion,

3    and two 2018 opinions.  AR 529.  Significantly, the 2018 opinions provided in part that

4    (1) Plaintiff had "chronic suicidal ideation and extreme anxiety," (2) Plaintiff "could not

5    function in the larger society," (3) Plaintiff "thinks of suicide every day," and (4) Plaintiff

6    was "severely limited in his mental function."  *Id.*  The ALJ rejected these opinions in

7    part because some medical evidence indicated that Plaintiff's mental conditions were

8    responsive to treatment but that Plaintiff "has not been fully compliant with treatment."

9    *Id.*  In sum, the ALJ relied on dated opinions to reach the conclusion that a person with

10   mental health problems should be faulted for failure to make the conscious decision to

11   comply with mental health treatment while giving little weight to more contemporaneous

12   medical opinions evidencing severe mental health issues.[1]  In light of this record, the

13   Court is unable to confidently conclude that the ALJ's failure to address a 2017 opinion

14   from treating Dr. Behrens stating Plaintiff's mental health problems were "severe and

15   debilitating" was harmless.  Therefore, the Court declines to adopt the R&R on this issue.

16         Second, Plaintiff argues that the ALJ erred in evaluating ARNP Freed and MSW

17   Hicks' medical opinions.  Dkt. 23 at 4–5.  Because these opinions were issued

18   contemporaneous with and are consistent with Dr. Behrens' opinion that the ALJ failed to

19

20

21         [1] "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting

22   *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

1   consider, the ALJ should also reevaluate these opinions in light of Dr. Behrens' opinion.

2   Therefore, the Court declines to adopt the R&R on this issue.

3        Third, Plaintiff argues that the ALJ failed to provide sufficient reasons to discount

4   Plaintiff's GAF scores.  Dkt. 23 at 7–8.  The Ninth Circuit has issued inconsistent

5   opinions on the significance of a GAF score.  *Compare Kelly v. Astrue*, 471 Fed. Appx.

6   674, 677 (9th Cir. 2012) ("Substantial evidence does not support the ALJ's reasons for

7   rejecting Dr. Parker or Ms. Wagonblast's GAF scores.") *with Hughes v. Colvin*, 599 Fed.

8   Appx. 765, 766 (9th Cir. 2015) ("The ALJ did not err in failing to address Dr. Caverly's

9   GAF score, because a GAF score is merely a rough estimate of an individual's

10  psychological, social, or occupational functioning used to reflect an individual's need for

11  treatment, but it does not have any direct correlative work-related or functional

12  limitations.").  Because the Ninth Circuit has failed to clarify the law on this issue, the

13  Court concludes that Plaintiff has failed to establish that the ALJ's alleged failure to

14  provide substantial evidence to discount Plaintiff's GAF score was legal error.  *Bayliss v.*

15  *Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (Plaintiff must show that the ALJ

16  decision was based on legal error).  Therefore, the Court adopts the R&R on this issue.

17       Finally, Plaintiff argues that the ALJ erred in denying Plaintff's request to

18  subpoena Drs. Fisher and Brown.  Dkt. 23 at 5–7.  The Court reviews the ALJ's decision

19  on this issue for an abuse of discretion.  *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir.

20  1983) (The ALJ "has discretion to decide when cross-examination is warranted.").  In

21  light of the remand to consider additional medical evidence, the Court concludes that it is

22  not necessary to decide this issue at this time.  The Court notes, however, that the ALJ

gave significant weight **only** to the 2013 opinions of Drs. Fisher and Brown in both of his decisions denying Plaintiff benefits.  AR 528 (November 19, 2018), 627 (November 21, 2014).  In other words, the ALJ discounted to some extent every other medical opinion given from 2012 to 2018 as well as failed to consider the 2017 medical opinion of a treating provider while basing his denial of benefits on the 2013 opinions of Drs. Fisher and Brown without allowing Plaintiff an opportunity to cross-examine or depose Dr. Fisher or Dr. Brown.  While neither party cites any authority with facts similar to these, it would seem that basing a third denial solely on such stagnant medical opinions without allowing the opportunity to cross-examine or depose these doctors could be considered an abuse of discretion.

Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)    The R&R is **ADOPTED in part** as stated herein;

(2)    The Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g); and

(3)    The Clerk shall enter a JUDGMENT and close the case.

Dated this 18th day of May, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge